UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE CURTIS WILSON, E87178,<br>　　　　　Plaintiff,<br>　　v.<br>WILLIAM L. MUNIZ, et al.,<br>　　　　　Defendant(s). | Case No. 17-cv-04003-CRB (PR)<br><br>**ORDER TO SHOW CAUSE** |

On October 18, 2017, while plaintiff was incarcerated at Salinas Valley State Prison (SVSP), he filed a pro se First Amended Complaint (FAC) under 42 U.S.C. § 1983 alleging delay/denial of a Kosher religious diet/meals after he arrived at SVSP on August 31, 2016.

On December 21, 2017, the court found that plaintiff's allegations of delay/denial of a Kosher religious diet/meals appear to state arguably cognizable claims under § 1983 against the two named defendants – SVSP Warden William L. Muniz and SVSP supervising cook B. Hardigee – and ordered the United States Marshal to serve them. The court also granted plaintiff's request to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

The marshal's office was able to serve Muniz at SVSP, but not Hardigee. It reportedly was told that there was no such person at SVSP. And after the court asked the Attorney General of California to secure a waiver of service from B. Hardigee, a correctional supervising cook at SVSP in 2016, the attorney general's office recently responded that SVSP personnel staff have no record of a B. Hardigee currently or previously working at SVSP.

If service of the complaint is not made upon a defendant in 90 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause." Fed. R. Civ. P. 4(m). Because plaintiff's FAC has been pending for more than 90 days, it is subject to dismissal under Rule 4(m). And although a plaintiff who is incarcerated and

proceeding IFP may rely on service by the marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

Because B. Hardigee is not where plaintiff claims and plaintiff has not provided sufficient and/or current information to allow the marshal to locate and serve Hardigee, plaintiff must remedy the situation or face dismissal without prejudice of his claims against Hardigee. See id. Accordingly, plaintiff must provide the court and marshal with sufficient and current information for Hardigee such that the marshal is able to effect service upon Hardigee. Failure to do so within 28 days of this order will result in the dismissal without prejudice of the claims against Hardigee.

**IT IS SO ORDERED**.

Dated: June 21, 2018

_____
CHARLES R. BREYER
United States District Judge