1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE CURTIS WILSON, E87178,

Plaintiff,

v.

J. JUAREGUI, Supervising Cook,

Defendant(s).

Case No. 17-cv-04003-CRB (PR)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JAUREGUI'S MOTION TO DISMISS**

(ECF No. 61)

I.

Plaintiff Willie Curtis Wilson, a state prisoner currently incarcerated at Kern Valley State Prison (KVSP), filed a Second Amended Complaint (SAC) for damages under 42 U.S.C. § 1983 alleging that, after he arrived at Salinas Valley State Prison (SVSP) on August 31, 2016, it took prison officials until October 16, 2016 (58 days) to start giving him the Kosher religious diet he requested and had been receiving at other institutions since 2011. Plaintiff adds that supervising cook J. Jauregui "was aware" of the problem, but "failed and/or refused to take corrective measures." SAC (ECF No. 53) at 3. Moreover, when plaintiff was not given a Kosher breakfast and lunch on December 4 and 5, 2016, plaintiff alleges that he "personally informed" Jauregui and Jauregui "laughed at me in front of inmate kitchen workers and staff, and said it was personal, and add it to the 58 days you complained about." Id. at 4.

On July 12, 2018, the court found that, liberally construed, plaintiff's allegations of "delay/denial of Kosher diet/meals" in the operative SAC appear to state arguably cognizable claims under § 1983 for violation of the First Amendment against supervising cook J. Jauregui. ECF No. 50 at 3. And in order to expedite this matter, the court directed the clerk to issue summons as to Jauregui and requested that the state attorney general "secure a waiver of service" from Jauregui (defendant). Id.

Currently before the court for decision is defendant's motion to dismiss the SAC under Rule 12(b) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted under § 1983.  Defendant specifically argues that plaintiff fails to state a First Amendment claim against him for delay/denial of a Kosher diet for 58 days because plaintiff does not allege that defendant was aware of or caused the alleged delay/denial of a Kosher diet for 58 days.  Defendant also argues that plaintiff fails to state a First Amendment claim against him for denial of Kosher breakfast and lunch on December 4 and 5, 2016 because failure to provide these four meals does not constitute a sufficient burden on a prisoner's First Amendment right to free exercise of religion to state a claim.  Defendant finally argues that any claim for damages against him in his official capacity must be dismissed as barred by the Eleventh Amendment and that any claim for injunctive/declaratory relief must be dismissed as moot because plaintiff received a Kosher diet and is no longer housed at SVSP.  Plaintiff filed an opposition to the motion to dismiss and defendant filed a reply.

II.

Dismissal is proper where the complaint fails to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).  While a complaint does not need detailed factual allegations, it must proffer "enough facts to state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When ruling on a motion to dismiss, a court must accept as true all material allegations in the complaint, but it need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged."  Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  Review is limited to the contents of the complaint, but a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

2

The right to exercise religious practices and beliefs does not terminate at the prison door. McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987). It includes "the right to be provided with food sufficient to sustain [prisoners] in good health that satisfies the dietary laws of their religion." Id. at 198 (citation omitted).

In order to establish a free exercise of religion violation, a prisoner must show that a prison official burdened the practice of his religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008).

A.

As an initial matter, defendant's motion to dismiss any claim for damages against him in his official capacity is granted because it is well established that litigants are barred from bringing suits for damages under § 1983 against state officials acting in their official capacity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 (1989); Eaglesmith v. Ward, 73 F.3d 857, 860-61 (9th Cir. 1995). And defendant's motion to dismiss any claim for injunctive/declaratory relief is granted because it is also well established that when a prisoner is transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive/declaratory relief, as is the case here, claims for injunctive/declaratory relief should be dismissed as moot. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (injunctive relief); Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012) (declaratory relief). This action must be limited to plaintiff's claims for damages under § 1983 for free exercise of religion violations against defendant in his individual capacity.

B.

Plaintiff alleges that defendant violated his right to free exercise of religion by failing to intervene and correct his not receiving: (1) a Kosher diet from August 31, 2016 to October 16, 2016 (58 days), and (2) a Kosher breakfast and lunch on December 4 and 5, 2016.

Defendant argues that plaintiff fails to state a free exercise violation against him for delay/denial of a Kosher diet for 58 days because plaintiff does not allege that defendant was aware of or caused the alleged delay/denial of a Kosher diet for 58 days. Not so. Plaintiff's allegations that defendant "was aware" that plaintiff was not receiving a Kosher diet and yet "failed and/or refused to take corrective measures," SAC (ECF No. 53) at 3, are enough to "state a claim for relief that is plausible on its face," Twombly, 550 U.S. at 570. Though brief, plaintiff's allegations are enough to allow the court "to draw the reasonable inference that the defendant is liable" for failing to intervene and correct plaintiff's not receiving a Kosher diet for a prolonged

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

period of time.  Iqbal, 556 U.S. at 678.  Defendant's contention that plaintiff cannot establish that defendant knew that plaintiff was not receiving a Kosher diet or that defendant caused the deprivation of plaintiff's free exercise are matters for consideration on a motion for summary judgment rather than on a motion to dismiss.

But the court agrees with defendant's argument that plaintiff fails to state a free exercise violation against him for denial of a Kosher breakfast and lunch on December 4 and 5, 2016 because failure to provide these four meals does not constitute a sufficient burden on a prisoner's First Amendment right to free exercise of religion to state a claim.  "A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of religion." Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) (citation omitted).  A substantial burden is one which has "a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Id.  Although unfortunate, the alleged brief and partial interruption of plaintiff's Kosher meals since he began receiving a Kosher diet on October 16, 2016 – no Kosher breakfast or lunch on December 4 and 5, 2016 – did not amount to a violation of plaintiff's free exercise of religion rights because it was de minimis and not a substantial burden on plaintiff's practice of his religion. Accord Rapier v. Harris, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (unavailability of pork-free meals on three occasions out of a total of 810 meals did not burden plaintiff's free exercise of religion); Ahdom v. Etchebehere, NO. 1:13-cv-01623-DAD-GSA, 2017 WL 8793335, at *1 (E.D. Cal. Dec. 12, 2017) (one-day exclusion from Ramadan meals was de minimis and not substantial burden on plaintiff's free exercise rights). But cf. Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (deprivation of Ramadan meals for 24 out of 30 days amounted to substantial burden on plaintiff's free exercise rights).

Consequently, defendant's motion to dismiss is denied as to plaintiff's allegations that defendant violated his free exercise rights by failing to intervene and correct his not receiving a Kosher diet for a prolonged period of time, and granted as to plaintiff's allegations that defendant violated his free exercise rights by failing to intervene and correct his not receiving a Kosher breakfast and lunch on December 4 and 5, 2016.

III.

For the foregoing reasons, defendant's motion to dismiss (ECF No. 61) is GRANTED IN PART AND DENIED IN PART as set forth above.  This action will proceed only as to plaintiff's remaining § 1983 claim for damages against defendant in his individual capacity based on

4

1  plaintiff's allegations that defendant violated his free exercise rights by failing to intervene and

2  correct his not receiving a Kosher diet for a prolonged period of time.

3        In order to expedite this action, defendant shall file a motion for summary judgment on

   plaintiff's remaining claim by no later than June 14, 2019.  Plaintiff shall file a response to the

4  motion by no later than 28 days after the motion is served and filed, and defendant shall file a

5  reply to plaintiff's response by no later than 14 days after the response is served and filed.

6        The clerk shall terminate the motion appearing on ECF as item number 61.

7        **IT IS SO ORDERED**.

8  Dated: April 10, 2019

9  

10                                         CHARLES R. BREYER
                                       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE CURTIS WILSON,

Plaintiff,

v.

J. JAUREGUI,

Defendant.

Case No. 3:17-cv-04003-CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 10, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie Curtis Wilson ID: #E87178
Kern Valley State Prison A1-113
P.O. Box 5010
Delano, CA 93216

Dated: April 10, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Lashanda Scott, Deputy Clerk to the
Honorable CHARLES R. BREYER

6